HAROLD STEEVES v. HAMMOND TRANSFER COMPANY
AND OTHERS.

176 N. W. (2d) 870.

April 24, 1970—No. 41728.

*Garland C. Brandt,* for relators.
*John R. Parker,* for respondent employee.
*Robb, Van Eps & Gilmore* and *Curtis C. Gilmore,* for respondent insurer.

Heard before Knutson, C. J., and Otis, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission refusing to apportion compensation benefits awarded to an employee between two workmen's compensation insurers upon remand for clarification of findings.[1]

Employee, Harold Steeves, then 38 years of age, was employed by Hammond Transfer Company as a truckdriver on May 13, 1959, when he bruised the small of his back in a fall in which he landed on a mound of frozen dirt. As a result of this injury, the employee was hospitalized for 5 days and did not work for 3-3/5 weeks. After returning to work he continued to experience pain and discomfort, which he was able to relieve with a heating pad and other home remedies.

On April 10, 1961, the employee, while in the course of employment with the same employer, sustained another injury to the same general area of his back when he attempted to prevent a 580-pound crate from falling. As a result of this accident, he was hospitalized for an extended period, which included two surgical operations, and has since been unable to return to work.

---

[1] Steeves v. Hammond Transfer Co. 276 Minn. 484, 151 N. W. (2d) 273.

At the time of the accident in May 1959, the compensation insurer for the employer was Iowa National Mutual Insurance Company. It paid all compensation, including benefits for a 15-percent permanent partial disability of the back. At the time of the second injury in April 1961, Shelby Mutual Insurance Company was the employer's insurer.

The referee and the commission found and determined that Shelby Mutual was exclusively liable for temporary total disability and medical expenses following the injury in April 1961. Included in the findings was a determination that the first accident caused a 15-percent permanent partial disability and the second, a 20-percent permanent partial disability to the back.

The employer and Shelby Mutual petitioned this court for review of that decision. Following review, we remanded for clarification of the findings, declaring:

"* * * It is not clear whether the commission approached the problem as one of apportionment of liability between the two companies or whether it disposed of the matter on the basis of two separate and unrelated accidents." Steeves v. Hammond Transfer Co. 276 Minn. 484, 489, 151 N. W. (2d) 273, 276.

Upon remand, both the referee and the commission made substantially the same findings as before, with these additions:

"* * * That said personal injury of April 10, 1961 was a new, separate and distinct personal injury and was unrelated to the personal injury of May 13, 1959, and said personal injury of April 10, 1961 was not a continuation or aggravation of the personal injury of May 13, 1959.

* * * * *

"That solely and as the direct and proximate result of the personal injury of April 10, 1961 the employee became temporarily and totally disabled on April 15, 1961 and has been continuously temporarily and totally disabled [through the date of the last hearing].

* * * * *

"That the employee's personal injury of May 13, 1959 did not contribute to cause the employee's personal injury of April 10, 1961, nor the medical expenses necessitated thereby, nor was the disability, either temporary or permanent partial, following the personal injury of April 10, 1961 made substantially greater because of the personal injury of May 13, 1959 than would have resulted from the personal injury of April 10, 1961 alone."

It is from these findings that the present appeal has been taken.

Shelby Mutual argues again on this second appeal that the findings of the commission show that the total disability following the second injury was caused by a 35-percent permanent partial disability of employee's back, 15 percent of which is attributable to the first injury and 20 percent to the second injury, and therefore the holding in Haverland v. Twin City Milk Producers Assn. 273 Minn. 481, 142 N. W. (2d) 274, requires that the liability for the temporary total disability which followed the second injury be apportioned between both insurers.

Assuming the commission's decision could be construed as based upon findings that the employee's total disability was caused in part by each injury although resulting from separate and unrelated accidents, or that the disability following the second injury was made substantially greater because of his preexisting 15-percent permanent partial disability resulting from the first injury, a factual basis for apportionment would exist. Carpenter v. Arrowhead Steel Products Co. 194 Minn. 79, 259 N. W. 535; Peniston v. City of Marshall, 192 Minn. 132, 255 N. W. 860. The commission, however, upon evidence clearly sufficient to support its conclusions, found that the employee's total disability resulted solely from the second injury and that the first injury neither "contribute[d] to cause the employee's personal injury of April 10, 1961, nor the medical expenses necessitated thereby, nor was the disability * * * following the personal injury of April 10, 1961 made substantially greater because of the personal injury of May 13, 1959 than would have resulted from the personal injury of April 10, 1961 alone." When the findings and memorandum of the commission are read as a whole, we are compelled to interpret the commission's determination as intending to make clear that there were not only two separate and unrelated accidents but that the second accident resulted in a separate and distinct injury to the back unrelated to the first injury and not in aggravation of the employee's preexisting permanent partial disability. So interpreted, the factual basis necessary for apportioning payment of the compensation benefits awarded under the principles outlined the Haverland case does not exist.

Affirmed.